UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

ANNA BULLINGER,

    Plaintiff,

vs.

FREDERICK G. CHURCH, as Personal Representative of the Estate of Peggy E. Nardone,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANNA BULLINGER ("Plaintiff"), brings this action for unpaid wages, amongst other relief, under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), Florida Statute § 448.08, and Florida Common Law against Frederick G. Church, as personal representative of the estate of Peggy E. Nardone, deceased ("Defendant"), and alleges as follows:

### PARTIES

1. Defendant Frederick G. Church is currently serving as personal representative of the estate of Peggy E. Nardone, who passed away on June 21, 2019. The estate is currently being probated in Sarasota County, Florida, where Mrs. Nardone resided. At all times material to this matter, Mrs. Nardone resided at 446 Botticelli Drive, #446, Nokomis, Florida 34275.

2. Plaintiff Anna Bullinger was employed by Peggy Nardone as a caretaker and home health care aide from approximately 2015 to June 21, 2019. Plaintiff worked at Mrs. Nardone's residence throughout her employment.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. 1331 and 29 U.S.C. § 216(b), because this action involves a federal question under the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a), as this claim is related to Plaintiff's federal claim and arises from the same case or controversy as Plaintiff's FLSA claim.

5. This Court has original and personal jurisdiction over this action because Defendant engaged in business within the State of Florida, and the action complained of occurred in Florida.

6. Venue is appropriate in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and the Local Rule for the United States District Court, Middle District of Florida 1.02(c) because Defendant conducted business in Sarasota County, and the unlawful conduct occurred within the Tampa Division of this Court.

## GENERAL ALLEGATIONS

7. Plaintiff began working for Mrs. Nardone in September 2015.

8. Plaintiff worked for Mrs. Nardone as a home health care aide. At the beginning of her employment her hours fluctuated.

9. At least as early as 2017, Plaintiff began working for Mrs. Nardone twenty-four hours a day, seven days a week. She provided around the clock care for Mrs. Nardone.

10. Mrs. Nardone agreed to pay Plaintiff $37.50 per hour for her work. In addition, Mrs. Nardone agreed to pay Plaintiff overtime pay at one and one-half times her regular rate of pay for all hours worked over forty (40) per workweek.

11. During the statutory period, Plaintiff did not receive the total amount due for her work, based on her hourly rate and hours worked.

12. During the statutory period, Mrs. Nardone paid Plaintiff sporadically and inconsistently. Plaintiff went many weeks without any pay whatsoever. Ultimately, when Mrs. Nardone passed away, she owed Plaintiff a substantial amount of money for her work that had not yet been paid, including unpaid regular and overtime wages.

13. At all times material hereto, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

14. At all times material, Defendant was an enterprise engaged in commerce or in the production of goods for commerce because she had employees engaged in commerce.

15. Further, Plaintiff is a covered employee under the FLSA, pursuant to the Home Care Final Rule, issued by the Department of Labor and codified at 29 C.F.R. § 552, because: (1) her duties included medically related services; and (2) more than 20% of her work time was spent helping the person assisted with activities of daily living and instrumental activities of daily living.

16. Plaintiff has satisfied all conditions precedent, or they have been waived.

17. Plaintiff has hired the undersigned attorneys and has agreed to pay them a fee.

18. Plaintiff requests a jury trial for all issues so triable.

19. At all times material, Plaintiff was an "employee" of Defendant.

20. At all times material, Defendant "employed" Plaintiff.

21. The FLSA requires employers to keep certain records for each employee, in particular, records indicating the amount of hours every such employee works per workweek. 29 C.F.R. Part 516.

22. Through information and belief, Defendant kept no such records regarding the amount of time worked by Plaintiff in any given workweek, nor required Plaintiff to take any action in assisting Defendant account for the hours she worked.

23. If no records exist indicating the amount of hours worked by Plaintiff, Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

24. Further, Defendant provided only a portion of or no compensation to Plaintiff for many of the hours she worked. Defendant failed to provide any compensation to Plaintiff during many various workweeks during the statutory period.

25. Accordingly, Plaintiff was not compensated for the amount of hours she worked, nor was she paid overtime on all hours worked over forty (40) per workweek.

26. Defendant knew or should have known that her policies and practices violated the FLSA, and Defendant did not make a good faith effort to comply with the FLSA.

27. Both before and after Mrs. Nardone's passing, Plaintiff was in active communication with Frederick Church, Personal Representative of Mrs. Nardone's estate.

28. Mr. Church specifically requested that Plaintiff assist him and the estate in wrapping up Mrs. Nardone's affairs.

29. Mr. Church directed Plaintiff in this regard by giving her specific tasks to complete, including but not limited to: collecting Mrs. Nardone's mail to assist with ascertaining creditors of her estate; (2) inventorying Mrs. Nardone's property; (3) cleaning Mrs. Nardone's premises; (4) running errands to complete various estate-related tasks; and (5) performing any other task the estate required, as dictated by Mr. Church.

30. Mr. Church promised Plaintiff that she would be compensated for her work in assisting him with his duties as Personal Representative of the Estate.

31. Plaintiff received no compensation for these duties.

## COUNT I: RECOVERY OF OVERTIME COMPENSATION

32. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

33. Defendant engaged in a pattern, policy and practice of violating the FLSA, as detailed in this Complaint.

34. Plaintiff is a covered employee under the FLSA, pursuant to the Home Care Final Rule, codified at 29 C.F.R. § 552.

35. At all times material hereto, Defendant was an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all times material hereto, Defendant employed employees, including Plaintiff.

36. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per workweek. Moreover, Defendant agreed to pay Plaintiff one and one-half times her regular rate of pay for all hours worked over forty (40) per workweek.

37. During her employment with Defendant, and specifically during the statutory period, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

38. Defendant's conduct was willful and intentional. Defendant knew or should have known that the practices described in this Complaint were unlawful. Defendant did not make

a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

39. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

40. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201, *et seq.*

41. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

42. Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

**COUNT II: VIOLATION OF THE FLSA'S MINIMUM WAGE REQUIREMENTS**

43. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-31 above, as if fully set forth herein.

44. Defendant engaged in a pattern, policy and practice of violating the FLSA, as detailed in this Complaint.

45. Plaintiff is a covered employee under the FLSA, pursuant to the Home Care Final Rule, codified at 29 C.F.R. § 552.

46. At all times material hereto, Defendant was an employer engaged in interstate

commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all times material hereto, Defendant employed employees, including Plaintiff.

47. Defendant was required to pay directly to Plaintiff the applicable federal minimum wage for all hours worked during each workweek.

48. Defendant failed to pay Plaintiff the minimum wage required by the FLSA for all hours worked during many various workweeks within the statutory period.

49. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

50. Because Defendant's violations were willful, a three year statute of limitations applies, pursuant to 29 U.S.C. § 201, *et seq.*

51. As a result of Defendant's willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 201, *et seq.*

### COUNT III: UNPAID WAGES UNDER FLORIDA COMMON LAW

52. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-31 above, as if fully set forth herein.

53. Plaintiff worked for Defendant during the statutory period.

54. Defendant agreed to pay Plaintiff $37.50 per hour for her services.

55. Defendant failed to compensate Plaintiff for all wages owed for the work performed during the statutory period.

56. Due to Defendant's failure to properly compensate Plaintiff, Plaintiff is entitled to recover from Defendant her unpaid wages, and all attorneys' fees and costs incurred in prosecuting these claims in accordance with F.S. § 448.08 and for such further relief as this Court deems just.

## COUNT IV: BREACH OF CONTRACT

57. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1-31, as if fully set forth herein.

58. Notwithstanding any of the foregoing, Plaintiff alternatively pleads that Defendant, Peggy Nardone, orally agreed to pay Plaintiff overtime compensation for all hours worked over forty (40) per workweek.

59. In approximately 2017, Defendant offered to pay Plaintiff $37.50 per hour, plus overtime compensation for all hours worked over forty (40) per workweek at one and one-half times Plaintiff's hourly rate, in exchange for Plaintiff's work as a home health care aide.

60. Plaintiff accepted Defendant's offer.

61. The mutually agreed upon exchange of the stated compensation for Plaintiff's work and efforts constituted valid consideration.

62. The parties entered into a valid and binding contract based upon the terms set forth above.

63. Defendant breached this contract by failing to fully compensate Plaintiff for all hours worked, including failing to pay her base hourly rate and failing to pay the proper amount of overtime.

64. Defendant's breach of the contract was material.

65. As a result of the breach, Plaintiff suffered damages, including lost wages, prejudgment interest, attorneys' fees and court costs.

WHEREFORE, Plaintiff demands judgment against Defendant for payment of all wages owed for the hours worked by her for which Defendant did not properly compensate her, reasonable attorneys' fees and costs incurred in this action, prejudgment interest, and all further relief that this Court deems to be just and appropriate.

### COUNT V: UNJUST ENRICHMENT

66. Plaintiff alleges and incorporates by reference all allegations contained in paragraphs 1-31, as if fully set forth herein.

67. Plaintiff conferred a benefit upon Defendant by, working for Mrs. Nardone during her lifetime as a home health care aide, and subsequent to Mrs. Nardone's passing, by working for Frederick Church and helping him administer Mrs. Nardone's estate.

68. Defendant appreciated the benefit conferred by Plaintiff.

69. Under the circumstances, it is inequitable for Defendant to accept and retain the benefit conferred by Plaintiff without paying the value thereof.

WHEREFORE, Plaintiff demands judgment against Defendant for payment of all wages owed for the hours worked by her for which Defendant did not properly compensate her, both prior to and after Mrs. Nardone's passing, reasonable attorneys' fees and costs incurred in this action, prejudgment interest, and all further relief that this Court deems to be just and appropriate.

### PRAYER FOR RELIEF

Based on the foregoing, Plaintiff hereby demands the above referenced economic

damages, liquidated damages, compensatory damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

DATED this 21st day of April, 2020, and respectfully submitted by:

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
E-Mail: nick@buckmanandbuckman.com

*/s/ Y. Drake Buckman, II*
Y. Drake Buckman, II, Esq.
Florida Bar Number: 0137634
E-Mail: attorney@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Blvd.
Sarasota, FL 34231
Telephone: (941) 923-7700
Fax: (941) 923-7736

*Attorneys for Plaintiff, Anna Bullinger*